# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

―――――――――――

GERIC A. ROBINSON,

     Petitioner,

v.                                           Case No. 19-cv-0107 WJ[1]-CDL

JIMMY MARTIN,

     Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Geric Robinson's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) (Petition). Robinson challenges his state conviction for lewd molestation in Tulsa County District Court, Case No. CF-2015-3105. Having considered the record, arguments, and relevant law, the Court will deny the Petition.

## BACKGROUND

This case stems from the rape of Robinson's younger sister, V.J. V.J. testified that when she was between 10 and 12 years old, older brothers Eric and Robinson took turns anally penetrating her on several occasions. *See* Doc. 8-8 at 13-17. V.J. would sometimes lose consciousness from the pain. *Id.* at 25. When V.J.'s parents encountered Robinson and Eric attempting to abuse V.J., they hit V.J. and pressured her not to speak to police. *Id.* at 29-30; 44-48. V.J. further testified Robinson had sex with his other younger sister, G.R. *Id.* at 40. Eventually V.J. spoke to an investigator, and the sisters were removed to the home of a family friend, Vicki

―――――――――――

1 Chief United States District Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

Williams. *Id.* at 129.

The State of Oklahoma charged Robinson with lewd molestation in violation of 21 O.S. § 1123. Eric was also charged with lewd molestation in connection with the rape of V.J., and the brothers proceeded to trial together. V.J.'s mother and father were separately charged and tried for permitting child sexual abuse. The jury convicted Robinson and Eric of lewd molestation. *See* Doc. 8-9 at 67. The state court sentenced each brother to 50 years imprisonment, in accordance with the jury's recommendation. *See* Doc. 8-10 at 6.

Robinson filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA). By a summary opinion entered April 5, 2018, the OCCA affirmed the conviction and sentence. *See* Doc. 7-3. Robinson filed the instant § 2254 proceeding on February 28, 2019. The Petition (Doc. 1) identifies eight grounds for relief.

(Claim 1): The Information failed to give adequate notice of the charge;

(Claim 2): The trial court erred in admitting evidence of other bad acts;

(Claim 3): The state statute permitting such evidence is unconstitutional;

(Claim 4): Instructional error;

(Claim 5): Prosecutorial misconduct;

(Claim 6): Insufficient evidence to support the conviction;

(Claim 7): Ineffective assistance by trial counsel; and

(Claim 8): Excessive sentencing.

*See* Doc. 1. Robinson asks for a new trial or, alternatively, to be sentenced for incest rather than lewd molestation.

Respondent filed an answer (Doc. 7), along with relevant portions of the state court record

(Docs. 8, 9).  Respondent concedes, and the Court finds, that the Petition is timely and Robinson exhausted state remedies.  *See* Doc. 10 at 4-5; *see also* 28 U.S.C. §§ 2244, 2254.  However, Respondent contends all claims fail on the merits.  Robinson filed a Brief in Support of Petition (Doc. 17) after entry of the answer.  The matter is fully briefed and ready for review.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs the review of Robinson's habeas claims.  *See* 28 U.S.C. § 2254.  Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Further, because the OCCA already adjudicated petitioner's claims, this Court may not grant habeas relief unless he demonstrates that the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law," (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court.  28 U.S.C. §§ 2254(d)(1), (2).  As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011) (quotations omitted).  When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess whether the decision

3

'unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." *Id.* Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

**Claim 1: Defective Information**

Robinson argues the Criminal Information failed to give sufficient notice of the charge. He alleges the Information did not specify what acts occurred, and on what dates. According to Robinson, this was especially confusing because the State presented other evidence of sexual abuse during the relevant time period. The OCCA rejected this argument, finding the Information did not violate due process principles or seriously "affect[] the fairness, integrity, or public reputation of the proceeding." Doc. 7-3 at 3.

4

"Sufficiency of [a charging document] … is evaluated for adequate notice and protection against double jeopardy." *Ervin v. Santistevan*, 2022 WL 17665669, at *2 (10th Cir. 2022) (analyzing § 2254 claim and citing *Russell v. United States*, 369 U.S. 749, 763–64 (1962)). A charging document "is sufficient if it [1] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and [2] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also Russell*, 369 U.S. 749, 763-64 (1962) (same).

Here, the offense (lewd molestation) makes it unlawful for any person to knowingly and intentionally: (1) "[l]ook upon, touch, maul, or feel the body or private parts of any child under sixteen (16) years of age in any lewd or lascivious manner;" or (2) "[i]n a lewd and lascivious manner and for the purpose of sexual gratification . . . ejaculate upon or in the presence of a child," or (3) "force or require any child under sixteen (16) years of age . . . to view any obscene materials." 21 O.S. § 1123(A). The Third Amended Information (Information) charged Robinson with willfully or maliciously committing three acts in relation to V.J., a child who was 10-12 years old, when Robinson was at least three years older than her. *See* Doc. 8-11 at 145. The Information alleged Robinson committed lewd molestation by "putting his penis in the anus of V.J. … and/or ejaculating in the presence of V.J. … and/or requiring V.J. … to view obscene materials." *Id.* The Information states Robinson committed these acts "on or about between 12/16/2011 and 7/26/2014 in Tulsa County." *Id.*

On this record, the Court cannot conclude the OCCA misapplied clearly established law or the facts with respect to Claim 1. The Information contains each element of the offense charged. The fact that it parrots the statute is not fatal, as Robinson engaged in the precise conduct the

legislature sought to criminalize. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007) ("[A]n indictment parroting the language of a … criminal statute is often sufficient"). The Information also sets out specific facts about how Robinson molested V.J., and the date range protects against a later, duplicative prosecution of any molestation that occurred during that period. *See Burling v. Addison*, 290 WL 6743337 at *10 (W.D. Okla. July 30, 2010) (rejecting notice challenge against information based on alleged inability to assert "a double jeopardy defense in future proceedings" where state charged petitioner with sexual abuse of the victim between May 11, 1997 and October 31, 2003); *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005) (noting "fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements."). The Court is also not persuaded that the State's use of evidence of other bad acts impaired Robinson's ability to understand the facts underpinning the actual charges, *i.e.,* that he anally raped V.J. and showed her pornography.

Alternatively, even if the Information was somehow defective, the preliminary hearing testimony put Robinson on actual notice of the charges. The Tenth Circuit has repeatedly held that courts may consider such testimony in evaluating notice. *See Parks v. Hargett,* 188 F.3d 519, *3 (10th Cir. 1999) (declining to determine whether the charging document was sufficiently specific "because it is clear that [the defendant] received actual notice of the specific charges against him"); *Sallahdin v. Gibson*, 275 F.3d 1211, 1227-28 (10th Cir. 2002) (considering both the information and the preliminary hearing evidence in determining whether the petitioner received sufficient notice of the charges). At the preliminary hearing, V.J. testified about specific dates and times where Robinson anally raped her, including whether he ejaculated. She included context such as locations, whether Robinson initiated the abuse after V.J. asked to play a video game, whether the

6

rape occurred in a bed or against a washing machine, etc.  *See* Doc. 8-1 at 38-74.

For these reasons, Robinson failed to show the OCCA's conclusion regarding adequate notice was unreasonable for purposes of 28 U.S.C. § 2254.

**Claim 2: State Court's Evidentiary Ruling with Respect to Other Bad Acts**

Robinson next contends the state improperly admitted evidence of other bad acts.  He believes such evidence confused the jury, violated his due process rights, and deprived him of a fair trial.  The record reflects that beyond the charged conduct (anal rape and pornography), the state court admitted the following res gestae/other crimes evidence at Robinson and Eric's joint trial:

> (a) Robinson and Eric took V.J. in a closet after a game of spin the bottle and touched her breasts, vagina, and buttocks.
>
> (b) Eric told V.J. this is "going to happen to you" while the brothers showed her pornography.
>
> (c) Eric asked V.J. if he could "do her in the butt" and placed his penis in her vagina.
>
> (d) Robinson referred to anal penetration as "the Procedure" and used it as a bargaining tool when V.J. asked for potato chips or to use his video game.
>
> (e) Robinson had sexual intercourse with his other sister, G.R.

Doc. 7-5 at 6-8.

The state court admitted the res gestae/other crimes evidence pursuant to 12 O.S. §§ 2404 and 2414 and *Burks v. State,* 594 P.2d 771 (Okla. Crim. App. 1979).  Those authorities permit admission of other relevant offenses where the defendant is accused of child molestation.  The authorities also permit other-crimes evidence that shows motive, opportunity, intent, preparation,

or absence of mistake.  Robinson raised the issue on appeal, but the OCCA determined "no plain or obvious error occurred."  Doc. 7-3 at 3.  The OCCA noted the "evidence of other crimes of child molestation was properly admitted under 12 O.S. [§§] 2011 [and] 2414."  Doc. 7-3 at 3.

The admission of evidence is a matter of state law and ordinarily does not present a cognizable claim for federal habeas review.  *See Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (whether an evidentiary ruling was proper under state law "is no part of a federal court's habeas review of a state conviction").  Federal habeas courts "will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies [the petitioner] due process of law."  *Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002) (quotations omitted).  Said differently, federal courts must determine whether, when "considered in light of the entire record, [the admission of other-crimes evidence] resulted in a fundamentally unfair trial." *Id.  See also see also Williamson v. Parker,* 705 Fed. App'x 677, 681 (10th Cir. 2017) ("Although federal habeas relief does not extend to the remedying of state law evidentiary errors, an exception applies when a state court admits evidence that is so unduly prejudicial that it renders the trial fundamentally unfair.").  "[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self restraint." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (quotations omitted).

Considering the record, Robinson has not demonstrated an entitlement to habeas relief based on the admission of res gestae or other crimes evidence.  As an initial matter, there does not appear to be any clearly established law holding that any improper admission of evidence violates

due process principles.  *See Holland v. Allbaugh,* 824 F.3d 1222, 1229 (10th Cir. 2016) (noting "the Ninth Circuit has gone so far as to hold no clearly established Supreme Court law exists with respect to evidentiary [habeas] claims at all").

Even if such law did exist, the OCCA's determination was not unreasonable.  The strongest and most disturbing evidence was not res gestae or a description of other crimes.  It was V.J.'s description of the brutal rapes.  *See Le v. Mullin,* 311 F.3d 1002, 1013 (10th Cir. 2002) ("Inquiry into fundamental fairness requires examination of the entire proceedings, including the strength of the evidence against the petitioner").  The Court therefore cannot conclude the other evidence, which is disturbing but mild by comparison, was unfairly prejudicial, or that other evidence of the brothers' pattern of abuse had no comparative probative value.  Any prejudice to Robinson was also offset by the two limiting instructions admonishing the jury that evidence of other crimes and instances of child molestation may not form the sole basis for a conviction.  *See* Doc. 7-5 at 34-35; *Le,* 311 F.3d at 1013 (cautionary instructions to the jury can offset alleged defects, for purposes of the fundamental unfairness test); *James v. Martin*, 567 Fed. App'x 594, 597 (10th Cir. 2014) (petitioner was not denied fair trial, notwithstanding evidence of other child molestation crimes in Oklahoma, because "the court instructed the jury not to use the evidence as proof of guilt").  And, to the extent Robinson complains that the introduction of other-crimes evidence confused the jury, the Court finds no fundamental error for the reasons stated in the section addressing jury instructions.

Accordingly, the OCCA's determination as to res gestae/other crime evidence does not constitute an "extreme malfunction in the state criminal justice system."  *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011).  *See also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (the OCCA

ruling "must be objectively unreasonable, not merely wrong… Even clear error will not suffice."). Relief is not available based on Claim 2.

### Claim 3: Constitutional Challenge to 12 O.S. § 2414

Robinson next argues the Oklahoma statute permitting admission of propensity evidence in child abuse cases, 12 O.S. § 2414, is unconstitutional.  That section states "in a … child molestation [case], evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."  12 O.S. § 2414.  Robinson alleges he has a due process right to be convicted by evidence of the offense and not by evidence of similar offenses.  He also alleges § 2414 violates his equal protection rights, as it only applies to child molesters.  The OCCA considered and rejected these arguments, noting Robinson's "belated attack on the constitutionality of section 2414 is foreclosed by *Horn v. State*, 2009 OK CR 7, ¶¶ 27-28, 204 P.3d 777, 784."  Doc. 7-3 at 3.  *Horn* applied the rational basis test and determined 21 O.S. § 2413, which governs other crimes evidence in the case of sexual assault, did not violate equal protection or due process principles.

The OCCA's decision is consistent with federal law.  Section 2414 mirrors Fed. R. Evid. 414, which permits evidence of "any other child molestation" where the defendant is accused of that crime.  The Tenth Circuit has specifically found that Federal Rule 414 does not, on its face, "violate the constitutional guarantee of due process" or "promise of equal protection."  *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998).  To the extent Robinson challenges § 2414 as applied to his case, he provides no factual detail to show how § 2414 was applied improperly under the circumstances.  There is also no clearly established law that would support such a

challenge. *See Littlejohn v. Trammell,* 704 F.3d 817, 825 (10th Cir. 2013) ("The absence of clearly established federal law is dispositive under § 2254(d)(1).") (quotations omitted); *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) ("Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").   The Court therefore cannot disturb the OCCA's ruling regarding the constitutionality of § 2414, and Claim 3 fails.

> **Claim 4: Instructional Error**

In Claim 4, Robinson argues the state trial court failed to *sua sponte* instruct the jury on the limited purpose of res gestae/other crimes evidence or specify which acts constitute charged conduct, versus other crimes.  Robinson also argues the court failed to *sua sponte* instruct the jury on the lesser included offense of incest.  The OCCA reviewed these arguments for plain error and found "no relief is warranted."  Doc. 7-3 at 4.

Federal habeas courts have a limited role in evaluating jury instructions.  Relief is only available if instructional errors "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in a constitutional sense."  *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990) (quotations omitted).  Petitioner's burden under this test is "greater than the showing required to establish plain error on direct appeal."  *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). "The question is not whether the instruction[s] [were] undesirable, erroneous, or even universally condemned, but whether the instruction[s] so infected the trial that the resulting conviction violates due process."  *Maes v. Thomas,* 46 F.3d 979, 984 (10th Cir. 1995) (quotations omitted).  Where the petitioner relies on the omission of instructions rather than the provision of an erroneous instruction, the burden is especially heightened.  *Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir.

1999).  As the Tenth Circuit explained: "an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  *Id.* (quoting *Maes,* 46 F.3d at 984) (remaining citations omitted).

A.  Failure to Issue Limiting Instruction Regarding Other Crimes

Robinson contends the limiting instruction on other-crimes evidence was insufficient, and additional instructions were necessary.  The state court issued the following instructions regarding other offenses:

> Evidence has been received that each defendant has allegedly committed offenses other than that charged in the information.  You may not consider this evidence as proof of the guilt or innocence of the defendant of the specific offense charged in the information.  This evidence has been received solely on the issue of the defendant's alleged motive or opportunity or intent or preparation or common scheme or plan or knowledge or identity or absence of mistake or accident.  This evidence is to be considered by you only for the limited purpose for which it was received.

Instruction No. 14, Doc. 8-12 at 128.

> You have heard evidence that each defendant may have committed other offenses of child molestation in addition to the offenses for which he is now on trial.  You may consider this evidence for its bearing on any matter to which it is relevant along with all of the other evidence and give this evidence the weight, if any, you deem appropriate in reaching your verdict.  You may not, however, convict the defendant solely because you believe he committed these other offenses or solely because you believe he has a tendency to engage in acts of child molestation.  The prosecution's burden of proof to establish the defendant's guilt beyond a reasonable doubt remains as to each and every element of the offense charged.

Instruction No. 15, Doc. 8-12 at 129.

Considering these instructions and the record as a whole, the Court finds no error in the OCCA's ruling.  "The [above] instruction[s] convey[] to the jury the limited purpose for which the other crimes evidence is being admitted," which satisfies the test under § 2254.  *Webber v. Scott*, 390 F.3d 1169, 1180 (10th Cir. 2004) (analyzing other crimes evidence in an Oklahoma habeas

case involving child molestation).  The instructions also explicitly state that other crimes evidence, standing alone, cannot form the basis for a conviction.

The OCCA also found no plain error based on the failure to include a list of charged offenses and other, uncharged offenses in the jury instructions.[2]  The Court agrees this did not render the trial fundamentally unfair.  When read in their entirety, the instructions clearly specify what acts constitute charged offenses.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (observing that instructions must be considered as a whole and in context of the trial).  The Statement of the Case and Instructions to the Jury includes the language in the Third Amended Information.  Doc. 8-12 at 113-114.  Such statement lists the charged conduct as anal penetration; ejaculation; and/or requiring V.J. to view obscene materials.  *Id.*  Instruction No. 5 also clarifies that the Information is the "formal method of accusing the defendant of the crime." *Id.* at 5.  The Tenth Circuit presumes juries follow their instructions.  *See Zafiro v. United States*, 506 U.S. 534, 540 (1993) (prejudice, if any, "can be cured with proper instructions, and juries are presumed to follow their instructions").  Accordingly, the Court will not disturb the OCCA's ruling with respect to instructional error on other crimes evidence.

B.  <u>Failure to Instruct on the Lesser Offense of Incest</u>

Robinson also argues the state trial court should have *sua sponte* instructed the jury on the lesser included offense of incest.  This claim is facially defective, for several reasons.  "The Supreme Court has never recognized a federal constitutional right to a lesser included offense

---

[2] Robinson also characterizes this claim as the State's failure to elect which acts of molestation upon which it was relying for a conviction.  As noted above, the Information specifies the type of acts Robinson committed, and there is no clearly established authority requiring states to instruct using specific dates, times, and circumstances in child abuse cases.

instruction in non-capital cases, and neither has" the Tenth Circuit. *Kalbaugh v. Martin*, 809 Fed. App'x 481, 489 (10th Cir. 2020) (quoting *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004)). The OCCA's rejection of this claim therefore cannot violate clearly established law. Further, there was no basis for such an instruction in this case. Robinson testified that V.J. lied about everything, and in any event, a 10-12 year old child cannot consent to intercourse. *See* Doc. 8-8 at 174-176. Claim 4 therefore fails.

### Claim 5: Prosecutorial Misconduct

Robinson argues the prosecutor committed misconduct by impermissibly vouching for witnesses; calling Robinson a liar; dissuading the jury from following instructions; and appealing to the jurors' emotions. The OCCA determined relief is only available where the alleged misconduct "effectively deprives the defendant of a fair trial or sentencing." Doc. 7-3 at 4. Considering the "context of the entire trial," the "strength of the evidence," and the "corresponding arguments by defense counsel," the OCCA concluded there was no plain or obvious error in the prosecutor's arguments. *Id.*

The standard for evaluating prosecutorial misconduct is essentially the same under federal law. The Tenth Circuit counsels that "inappropriate prosecutorial comments, standing alone," are not sufficient to vacate "a criminal conviction obtained in an otherwise fair proceeding.'" *Matthews v. Workman*, 577 F.3d 1175, 1186 (10th Cir. 2009) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)). "The errant remarks must have so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885 (10th Cir. 2019) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). To determine whether the challenged remarks deprived the petitioner of a fair trial, courts must consider "all the

surrounding circumstances, including the strength of the state's case" and any cautionary instructions to the jury. *Hamilton v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006).

A.  Witness Vouching

Robinson alleges the prosecutor vouched for V.J., Vicki Williams (the family friend who removed the girls to her home), and Officer St. Clair during closing argument.   As an initial matter, it appears there is "no Supreme Court case clearly establishing that vouching testimony violates the Due Process Clause or renders a trial fundamentally unfair."  *O'Bryant v. Nunn*, 2022 WL 17724698, at *7 (10th Cir. Dec. 16, 2022) (rejecting a § 2254 claim based on vouching).  Robinson therefore cannot establish the OCCA's rejection of his vouching claim.

Even assuming there is on-point precedent, Robinson has not shown the alleged vouching rendered his trial fundamentally unfair.  As to V.J., the prosecutor summarized her testimony and said:

> And you saw how she appeared on the stand.  Did she seem sincere to you?  Did she seem like she was coached?  I submit to you that she appeared extremely credible.  She knew details and she was honest about what she remembered and what she didn't.  It's up to you to judge her credibility on the stand.  But how do you know that she was telling you the truth?  The rest of the evidence corroborates that…

Doc. 8-9 at 22-23.  This statement simply summarized the details of why V.J. *seemed* credible.  It does not contain "explicit personal assurances of [V.J.'s] …veracity or" implicitly "indicat[e] that information not presented to the jury supports the witness' testimony."  *Thornburg v. Mullin*, 422 F.3d 1113, 1132 (10th Cir. 2005) (defining impermissible vouching).

As to the other witnesses, the prosecutor stated:

> Let's talk about Vicki Williams.  What a saint, right?  Those children have been turned around from on the track to nowhere and now look at them….  [Williams] told you that she's put [V.J.] in therapy.  And now look at [her].  She can tell you what happened.  She feels safe with [Williams].  She doesn't have to worry that she's going to be judged by her

15

mother and siblings for breaking the family apart.  That corroborates her story.

[R]emember because for the forensic interview … [V.J.'s mother] knew [about] … these questions about what was going on in their house.  And so [V.J.'s mother] had notice and opportunity to threaten and bribe and coerce her child not to break up the family, not to snitch, to lie.  But when St. Clair, a tall, salt-of-the-earth patrol officer with a uniform and a badge, knocks on the door and asks a very simple question, what happened, and [V.J.'s mother] hadn't had an opportunity to tell Veronica, who had never been told before, don't tell, [V.J.] just told.

Doc. 8-9 at 24-25, 41.

Again, these statements "do not indicate[] to the jury that [the prosecutor] knew something more about the witness' credibility than could be deduced from the evidence at trial." *Thornburg*, 422 F.3d at 1132.  And, even if the comments were improper, they could not have tainted the entire proceeding.  "The jury heard from the child herself and could make its own credibility determinations based on the child's testimony and other testimony corroborating it…." *O'Bryant*, 2022 WL 17724698, at *7.  "Furthermore, the judge provided cautionary instructions to the jury about their role as the sole arbiters of credibility." *Id.*; *see also* Instruction No. 19, Doc. 8-12 at 133.  No relief is available with respect to witness vouching.

### B.  Calling Robinson a Liar

The prosecutor also argued:

Now, let's talk about [Robinson].  Did you believe a word that came out of his mouth?  The first time he talks with Detective Thompson he says 'I didn't have sex with my sister.  I would never have sex with my sister.'  Okay.  The next time he talks to Detective Thompson, 'well, yeah, I did have sex with my sister [G.R.].'  Liar.  He lied to you.  Then he says, 'I lied to Detective Thompson.  Wouldn't anybody?' … So he's told you he's lied at least twice.

Doc. 8-9 at 28.

"[I]t is not improper for a prosecutor to direct the jury's attention to evidence that tends to enhance or diminish a witness' credibility." *Thornburg*, 422 F.3d at 1132.  This is particularly true

where, as here, the jurors were admonished that they must determine the credibility of each witness and where Robinson called V.J. a liar as part of his defense theory.  *See O'Bryant*, 2022 WL 17724698, at *8 (rejecting habeas claim for prosecutorial misconduct where prosecutor called petitioner a liar, based on inconsistencies in the evidence); *Lockett v. Dowling*, 2022 WL 3589139, at *8 (10th Cir. Aug. 23, 2022) (same).

C.  Comments Regarding the Burden of Proof

Robinson further alleges the prosecutor dissuaded the jury from following its instructions by stating:

> These two men used their sister like a sex toy.  They forced her.  We don't have to prove that.  We don't have to prove they forced her.  Did you watch what happened when V.J. stood here and showed how her arms were behind her as those two forced themselves on her like she's some kind of animal?

Doc. 8-9 at 29.

This statement is not inconsistent with the jury instructions.  Instruction 25, which contains the elements of lewd molestation, clearly indicates that force is not a requirement for touching or ejaculating in the presence of a child.  *See* Doc. 8-12 at 140.  While force is required with respect making a child view of obscene materials, the above comments clearly reference the rape.  *Id.*  The statute and the Information also contain alternative bases for conviction, meaning the jury did not need to find a use of force to return a guilty verdict.

D.  Emotional Appeals

Robinson finally argues the prosecutor improperly appealed to the juror's emotions by pleading for sympathy for the victim.  The prosecutor stated V.J. will have to one day tell a partner about her first sexual experience; described the rape in detail; and noted V.J. knew how to brace for the impact of a painful accident even though she was not old enough to drive.  Doc. 8-9 at 16-

62.

The details of V.J.'s brutal rapes "were firmly rooted in the facts of the case" and her testimony. *Thornburg*, 422 F.3d at 1134. Such comments therefore did not have an improper or inflammatory impact on the trial. Moreover, the fact that V.J. may someday describe the rapes to a partner is minor in comparison to the other disturbing details of the case. The Court cannot find the comments so inflamed the passion of the jurors that Robinson received an unfair trial. Habeas relief is therefore not available based on the OCCA's rejection of Robinson's claim for prosecutorial misconduct.

**Claim 6: Insufficient Evidence**

Robinson argues he was deprived of due process because the State's evidence is insufficient to support a lewd molestation conviction. The OCCA rejected this argument after determining "any rational finder of fact could have found the elements of the crime charged beyond a reasonable doubt." Doc. 7-3 at 4-5.

Federal courts use the same legal standard. On habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). As the Supreme Court explained:

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the

> federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

*Id.* The Court looks to state law to determine the substantive elements of the crime, "but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 566 U.S. at 655.

The elements of lewd molestation are set out in 21 O.S. § 1123. To obtain the conviction, the State had to prove V.J. was under sixteen years of age, that Robinson was three years older than V.J., and that he knowingly and intentionally felt her body "in any lewd or lascivious manner." *Belvin v. Addison*, 561 Fed. App'x. 684, 686 (10th Cir. 2014) (citing 21 O.S. § 1123(A)(2)); *see also* Okla. Unif. Jury Instr. (criminal) 4-129. Alternatively, the State could prove Robinson "ejaculate[d] upon or in the presence of" V.J. or "force[d] or required" V.J. to "view any obscene materials." 21 O.S. § 1123(5).

Based on the record, the Court agrees any rational juror could have found the elements of each crime. V.J. testified that Robinson anally raped her on at least two occasions when she was 10-12 years old. On the first occasion, at the Comanche apartment, Robinson continued until "white stuff" came out of his penis and landed on her bottom or the floor. Doc. 8-8 at 14-15. V.J. testified that on the second occasion, Robinson and Eric took turns raping V.J. against a washing machine. *Id.* at 20-26. V.J. used the same description of how Robinson ejaculated on her person. She further testified that she sometimes lost consciousness because of the pain. *Id.* at 25. The prosecution elicited testimony about V.J. and Robinson's date of birth, showing Robinson was more than three years older than her at the time of the crimes. Robinson testified V.J. was lying, but the jury elected to accept her version of events. Highlighting conflicting testimony merely

19

shows why a "juror *might not* accept [the petitioner's] testimony; it doesn't show that a rational juror *could not* accept it, which is the question on which a sufficiency challenge necessarily must focus." *Matthews v. Workman*, 577 F.3d 1175, 1185 (10th Cir. 2009) (emphasis in original).  *See also United States v. Cardinas Garcia*, 596 F.3d 788, 794 (10th Cir. 2010) ("[W]e will overturn a jury's credibility determination and disregard a witness's testimony only if … the events recounted by the witness were impossible under the laws of nature or the witness physically could not have possibly observed the events at issue").

Robinson argues there is no evidence that he forced V.J. to watch pornography.  No such evidence was necessary, however.  Section 1123 is drafted in the alternative.  *See* 21 O.S. § 1123 (listing at least six different examples of lewd molestation and noting "[a]ny person convicted of *any violation* of this subsection shall be punished by imprisonment") (emphasis added).  Robinson was charged with lewd touching and/or ejaculating and/or requiring a child to view obscene materials.  Evidence of just one of the instances of rape during the relevant time period was enough.  The evidence clearly supports Robinson's lewd molestation conviction, and Claim 6 fails.

### Claim 7:  Ineffective Assistance by Trial Counsel

Robinson contends trial counsel rendered ineffective assistance.  In the Petition, Robinson contends counsel failed to object to the defective Information or request a lesser included instruction on incest.  *See* Doc. 1 at 13.  In his reply brief, Robinson also alleges trial counsel failed to:

(a) Object to the prosecutor's comments that dissuaded the jury from following instructions;

(b) Object to the introduction of res gestae/other crimes evidence; or

(c) Request a limiting instruction regarding the use of such evidence and/or an instruction that delineates each specific charged offense.

*See* Doc. 17 at 28-29.[3]  Robinson presented his ineffective assistance claims on direct appeal.

Applying "the two-pronged test of *Strickland v. Washington,* 466 U.S. 668, 687 … (1984)," the

OCCA found "no relief is warranted."  Doc. 7-3 at 5.

The Sixth Amendment guarantees criminal defendants the right to the effective assistance

of counsel.  U.S. Const. amend VI.  To establish a deprivation of this right, a petitioner must

demonstrate: (1) counsel's performance was deficient and (2) such performance prejudiced the

defense.  *Strickland*, 466 U.S. at 687.  Under the first prong, the petitioner must show … that his

'counsel committed serious errors in light of 'prevailing professional norms."  *United States v.*

*Haddock*, 12 F.3d 950, 955 (10th Cir. 1993).  "The question is whether an attorney's representation

amounted to incompetence …, not whether it deviated from best practices or most common

custom."  *Harrington v. Richter*, 562 U.S. 86, 106 (2011).  To satisfy the second prong, the

"defendant must show there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 687.  "The

likelihood of a different result must be substantial, not just conceivable."  *Harrington*, 562 U.S. at

112.

Standing alone, the *Strickland* standard is "highly deferential."  *Strickland*, 466 U.S. at 689.

Coupled with § 2254(d)(1), this Court's review of the OCCA's ruling is "doubly deferential."

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (A "doubly deferential judicial review … applies

---

[3] Arguments raised for the first in a reply are typically deemed waived.  *See Thompkins v. McKune*, 433 Fed.
App'x. 652, 660 (10th Cir. 2011) (addressing the habeas reply.  However, the Tenth Circuit has become
more lenient in recent years where, as here, a habeas petitioner raises issues in his reply.  *See Brown v.*
*Dowling,* 2022 WL 17430372, at *5 (10th Cir. Dec. 6, 2022) (considering the "federal habeas application"
and "habeas reply brief" when evaluating the issue of waiver).  The Court will therefore consider the
arguments raising in Robinson's reply and Petition.

to a *Strickland* claim evaluated under the § 2254(d)(1) standard."). "[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [this Court] defer[s] to the state court's determination that counsel's performance was not deficient and, further, … to the attorney's decision in how to best represent a client." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

### A.  Failure to Object to the Information

Robinson argues counsel should have objected to the Information, which he believes failed to give adequate notice of the charge.  The OCCA found, and this Court agrees, that the Information contains sufficient information to give notice of the charge.  Robinson has therefore failed to show deficient performance.  The Court also notes that he cannot show prejudice as to this claim.  A deficient charging document typically results in an amendment, dismissal without prejudice, or perhaps even a mistrial.  It is unlikely Robinson would avoid all criminal liability on this basis. Moreover, counsel for Robinson's brother/co-defendant filed a motion to quash the Information and dismiss the case, which was unsuccessful.  *See* Doc. 8-11 at 147.  Robinson has not shown his own counsel could have reached a different result, had she submitted a duplicate filing.

### B.  Failure to Object to Res Gestae/Other Crimes Evidence

Robinson's claim that trial counsel failed to object to the introduction of res gestae/other crimes evidence is controverted by the record. Eric's counsel (Allison Tuffield) filed a comprehensive objection to the State's Notice of Intent to Introduce Res Gestae/Other Evidence. The objection cited evidentiary principles and challenged the constitutionality of 12 O.S. § 2414, which permits additional evidence in child molestation cases.  *See* Doc. 7-5 at 21.  Robinson's counsel (Beverly Atteberry) appeared at the motion hearing on that issue and joined in that

objection.  *See* Doc. 8-4 at 58.  The failure to file a second, duplicative objection cannot be characterized as incompetent, nor has Robinson shown such failure changed the outcome.  To the extent Robinson cites counsel's failure to object at trial, as noted by the OCCA, he has also failed to surmount *Strickland*'s high bar with respect to prejudice.  There is no indication in the record that the state trial court was inclined to reconsider its earlier ruling based on a second objection at trial.  And as noted above, the most disturbing evidence did not focus on res gestae or other crimes.  It was V.J.'s testimony detailing the brutal instances of rape.  Robinson is therefore not entitled to relief based on counsel's alleged failure to object to evidentiary rulings.

    C.  Failure to Object to Instructional Error

Robinson challenges trial counsel's failure to request a limiting instruction on the purpose of res gestae/other crimes evidence or specify which acts constitute charged conduct, versus other crimes.  As noted above, the limiting instructions on those issues were adequate.  There is no basis in the record or law to amplify the instructions, nor is there any binding authority requiring the state to separately delineate the dates/times/circumstances of each instance of child molestation.  Moreover, the Court is not convinced that issuing a detailed, written reminder to the jury about Robinson's other, uncharged offenses (assault in a closet, his admission that he had sex with a different younger sister) would improve his chances of a favorable verdict.  *See Strickland*, 466 U.S. at 689 (The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy").

Viewing the matter with double deference, the Court also agrees with the OCCA that no relief is available based on counsel's failure to request an instruction on the lesser included charge of incest.  Robinson's defense strategy at trial was to deny that he ever made sexual contact with

V.J.  There was also no basis in the record for a lesser included charge of incest when the testimony focused on forcible rape.  Robinson therefore has not shown it is reasonably likely the jury would have convicted him of the lesser offense of incest.

    D.  Failure to Object to Prosecutorial Misconduct

In this claim, Robinson primarily focuses on the prosecutor's statement that "the jury instructions tell you children can't consent to sex.  They can.  They knew better.  They didn't even treat her like a human being."  Doc. 8-9 at 30.  Robinson believes the prosecutor urged the jury not to follow its instruction that "as a matter of law a minor under the age of sixteen is incapable of giving consent…."  Instruction No. 27, Doc. 8-12 at 143.  The context suggests the prosecutor was referring to the fact that Robinson and Eric were in their late teens.  Robinson has therefore not shown that counsel was incompetent for failing to object.

With respect to the other instances of alleged prosecutorial misconduct in Claim 5, Robinson has failed to establish a violation under either prong of *Strickland*.  As noted above, none of the prosecutor's statements were improper.  *See Cargle v. Mullin*, 317 F.3d 1196, 1203 (10th Cir. 2003) (a petitioner cannot prove ineffective assistance where the underlying claim lacks merit).  And, even if any comment was improper, the claim that counsel could have changed the outcome with an objection during closing argument is speculative, at best.  *See Johnson v. Raemisch*, 779 Fed. App'x 507, 515–16 (10th Cir. 2019) ("Vague, speculative, and conclusory allegations will not satisfy an applicant's burden under *Strickland's* prejudice prong.").  V.J.'s testimony was so specific and compelling that the prosecutor's remarks were not the driving force behind the verdict.

Viewing the record as a whole under the double-deference standard, Robinson has not demonstrated trial counsel was deficient or that any alleged error caused prejudice under *Strickland*.

**Claim 8: Excessive Sentence**

Robinson finally argues the state court imposed an excessive sentence under the circumstances of his case.   Challenges to a state sentencing decision are generally not "constitutionally cognizable" in habeas proceedings "unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law."  *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).   In other words, federal "review of a sentence ends once [the Habeas Court] determine[s] the sentence is within the limitation set by statute."  *Id.* (citing *Vasquez v. Cooper*, 862 F.2d 250, 255 (10th Cir. 1988)).

The OCCA found, and the Court agrees, that a 50-year sentence is within the statutory range of punishment and is not "shocking to the conscience."  Doc. 7-3 at 5.  The lewd molestation statute carries a minimum sentence of 25 years and no maximum sentence "when the child is under twelve (12) years of age at the time the offense is committed."  21 O.S. § 1123.  Robinson was convicted of molesting a child between 10-12 years old.  V.J.'s testimony reflects the abuse began when she was 10 and continued during the next couple of years.  Doc. 8-8 at 16.  The OCCA's determination that Robinson was sentenced within the statutory range was therefore reasonable, and Claim 8 fails.

In sum, Robinson has failed to establish the OCCA unreasonably applied federal law or any facts with respect to his state conviction.  *See* 28 U.S.C. § 2254(a).  The Petition will therefore be denied.  The Court will also deny a certificate of appealability pursuant to Habeas Rule 11, as Robinson has not demonstrated "reasonable jurists would find the [above] … assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED** that Geric Anthony Robinson's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 1**) is **DENIED**; a certificate of appealability is **DENIED**; and the

Court will enter a separate judgment closing the civil habeas case.

WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE